IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH HERNANDEZ, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>OUTLOOK NEBRASKA, INC.,<br><br>        Defendant. | 8:11CV213<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant Outlook Nebraska, Inc.'s ("ONI") motion for summary judgment under Fed. R. Civ. P. 56, Filing No. 29. This is an action for employment discrimination and retaliation under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq* ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* Hernandez also asserts state law disability discrimination and retaliation claims under the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §§ 48-1104 and 1114 *et seq* ("NFEPA").[1] Plaintiff Joseph Hernandez, Jr. ("Hernandez") is legally blind and alleges that ONI discriminated against him based on his disability. Filing No. 1, Complaint. Hernandez further contends his demotion was retaliatory, motivated by his prior complaints to ONI management and the Occupational Safety and Health Administration ("OSHA"). *Id.* ONI moves for summary judgment, arguing that there is no genuine issue of material fact and ONI is entitled to a judgment as a matter of law. The court has carefully reviewed the record, the arguments of counsel, and the relevant

---

[1] Disability discrimination claims under NFEPA are analyzed using the same framework as claims brought under the ADA. *See Orr v. Wal-Mart Stores, Inc.,* 297 F.3d 720, 723 (8th Cir. 2002).

statutes and case law. The court will grant ONI's motion for summary judgment for the reasons set forth herein.

## BACKGROUND

It is undisputed that Hernandez is legally blind and qualifies as disabled under the ADA, NFEPA, and the Rehabilitation Act. At all relevant times, ONI employed Hernandez. ONI employed Hernandez as a stacker/packer during most of his tenure. He also filled in for other employees during their breaks and fixed different machines. Hernandez was trained on the machine relating to one of the issues in this lawsuit, known as the 716 rewinder, for approximately three months.

ONI is a not-for-profit organization that produces toilet paper for the General Services Administration and other federal entities through the National Industries for the Blind ("NIB"). These contracts require that seventy-five percent of the direct labor be performed by legally blind employees. ONI does not receive any federal grants or subsidies.

Hernandez alleges that blind workers were treated less favorably than the sighted workers. Hernandez contends that there was favoritism toward the sighted and the sighted were allowed to "do more on the floor than [the blind] were allowed to get away with." Filing No. 30-5, Hernandez Deposition, 13:23-25, Page ID #243. Hernandez specifically alleges that the sighted employees were allowed to take more bathroom and snack breaks. However, Hernandez admits that he could go to the lunchroom to get snacks for his blind co-workers. Hernandez testified that he was disciplined for using the restroom frequently even though he is a diabetic. *Id.* at 49:17-

2

21, Page ID #252.  However, once he told his supervisors why he frequented the restroom, he no longer got in trouble for those breaks.

Hernandez also alleges that sighted employees were paid more than blind employees.  Hernandez testified in his deposition that he had heard that the pay raises between the blind and the sighted were different.  *Id.* at 17:19-18:10, Page ID #244. Hernandez was offered pay raises, including a pay raise when he began to train on the 716 rewinder, and declined the raises at times in order to keep his Social Security benefits.  *Id.*  ONI President Erik Stueckrath stated that ONI compensates all its blind and sighted employees in the same manner.  Filing No. 30-3, Stueckrath Deposition at 53:24–56:14, Page ID #175.

Hernandez next alleges he requested that certain machines, including the 716 rewinder, be made accessible and these requests were ignored.  Filing No. 30-5, Hernandez Dep., 40:6-14, Page ID #249.  Stueckrath testified that it would cost more to upgrade the 716 rewinder than the machine is worth.  Filing No. 30-3, Stueckrath Dep., 81:14-21, Page ID #182.  Hernandez alleges that the machines needed voice capabilities or text magnification in order to be accessible to the blind.  *Id.*  Further, he argues that the defendant failed to adequately train him on the machines.  ONI alleges that all machinery is accessible to blind employees with the exception of the three forklifts.  However, ONI also admits that some machines, including the 716 rewinder, are not accessible and alleges that they cannot be made accessible due to mechanical limitations or undue expense.

Hernandez also alleges that blind employees were not allowed to become supervisors. Hernandez admits that Stueckrath stated that there could be and would be

blind managers, but Hernandez alleges that it has never happened. However, when asked about an employee named Robert Riley, Hernandez recalls that Riley is a legally blind shift manager at ONI. Hernandez also admitted that he does not know of any blind employees who applied for supervisor positions and failed to receive the position. Hernandez filled out a document indicating which machines he would like to be trained on and he selected all of the machines, including the 716 rewinder. Hernandez describes this document as "maybe not an application, but […] the start of an application" and he interpreted it as an application. Filing No. 30-5, 21:9-14, Page ID #245. Hernandez also states that he heard Wyatt Rogers, the employee who trained Hernandez on the rewinder, say that the blind should not operate machinery like the 716 rewinder. *Id., 74:22*-76:14, Page ID #258. Hernandez never reported Rogers' comment to a supervisor. *Id.,* 79:1-18, Page ID #259. ONI did in fact attempt to train Hernandez on the 716 rewinder.

Last, Hernandez contends he was retaliated against for his communication with OSHA. Hernandez filed an OSHA complaint against ONI. An OSHA investigation resulted in violations and fines for ONI. Hernandez argues that ONI was aware of this complaint by late December of 2008 or early January of 2009. *Id.* Hernandez also contends that he felt harassed and that he was watched closely after filing the complaint. ONI admits that it knew of the complaint at some point after Hernandez filed his disability complaint. There is no evidence or testimony that any ONI manager or executive had notice of the OSHA complaint until Hernandez filed the charge of discrimination.

4

**STANDARD OF REVIEW**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). "Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* ( quoting *Celotex*, 477 U.S. at 324). On a motion for summary judgment, the "'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Id.* (*quoting* *Ricci v. DeStefano*, 557 U.S. 557, 585 (2009)). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Id.* The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must

come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

There is no "discrimination case exception" to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial. *Torgerson*, at 1043 (quoting *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010)). Nevertheless, "[a]t the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). The court's function is to determine whether a dispute about a material fact is genuine, that is, whether a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* at 248. To be material, a fact "must affect the outcome of the lawsuit under governing law." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's favor]." *Id.* at 255. "If reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Id.* at 250.

## ANALYSIS

### I. Application of Relevant Statutes

This action is filed under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and NFEPA, Neb. Rev. Stat. §§ 48-1104 and 1114 *et seq.* It is undisputed that Hernandez qualifies as disabled under these statutes and that these statutes apply.

6

Hernandez also alleges violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* This act applies to any "program or activity receiving federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." *Id.* ONI alleges, and Hernandez does not contest, that ONI fails to meet the definition of a "program or activity" covered under the Rehabilitation Act because ONI only receives federal contracts, not federal funding or stipends. The plaintiff has conceded this issue for purposes of the summary judgment motion. Therefore, the court will grant summary judgment in favor of the defendant for all claims arising under the Rehabilitation Act.

*II. Disability Legal Standard*

The Americans with Disabilities Act provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity" and "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant[.]" 42 U.S.C. § 12112(b)(5).

"In the absence of evidence of direct discrimination, we analyze ADA claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, (1973)." *Lors v. Dean*, 595 F.3d 831, 834 (8th Cir. 2010) (citing *Rehrs v. Iams Co.*, 486 F.3d 353, 356 (8th Cir. 2007)). Under the burden-shifting framework, "a plaintiff bears the burden of establishing a prima facie case showing he (1) had a disability within the meaning of the ADA; (2) was qualified, with or without a reasonable accommodation, to perform the essential job functions of the position in question; and (3) suffered an adverse employment action because of his disability." *Id*. "The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's actions." *Id*. "If the employer articulates such a reason, the burden returns to the employee to show the employer's justification is a pretext." *Id*. "'To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason. . . . [T]he plaintiff must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination.'" *McNary v. Schreiber Foods, Inc.*, 535 F.3d 765, 769 (8th Cir.2008) (quoting *Wilking v. County of Ramsey*, 153 F.3d 869, 874 (8th Cir. 1998)).

   III.   *Employment discrimination based on disability*

      A.   <u>*Treated less favorably and wage disparity claims*</u>

Hernandez alleges that he received less pay than signed employees due to his disability. It is clear that Hernandez meets the first element of his prima facie case, as he is disabled. It is also undisputed that in general Hernandez is qualified to work at

8

ONI. However, Hernandez fails to meet his burden with respect to the third element, an adverse employment action. Hernandez has offered no evidence that any wage discrimination occurred.[2] With respect to the wage disparity claim, Hernandez concedes that "nothing indicates a discriminatory pattern." Filing No. 34, Plaintiff's Brief Opposing Defendant's Motion for Summary Judgment, Page ID #299. He apparently had a conversation with a co-worker that made him believe there existed wage disparities. However, at the summary judgment stage, his subjective belief is insufficient to support this claim. ONI contends that in fact there is no discrimination based on wages. Hernandez offers no evidence that contradicts such assertion. In fact, Hernandez admitted at his deposition that he had received pay raises in the past, and that he had declined raises so as not to affect his Social Security benefits. Hernandez Dep., Filing No. 30-5, 18:11-25 and 19:8-23, Filing No. 30-1, Plutschak Affidavit, Ex. B. Based on the lack of any evidence to support plaintiff's claim, the court grants summary judgment for ONI with respect to the wage disparity claim, as plaintiff has failed to make a prima face showing of disability discrimination.

### B. Harassment

Hernandez alleges that he suffered harassment due to his disability. The Eighth Circuit has set forth the elements to show harassment under the ADA:

> To prevail on a hostile work environment claim under the ADA, Ryan must show "that he is a member of the class of people protected by the statute, that he was subject to unwelcome harassment, that the harassment resulted from his membership in the protected class, and that the harassment was severe enough to affect the terms, conditions, or privileges of his employment." *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir.2003) (citing *Reedy v. Quebecor Printing Eagle, Inc.*, 333

---

[2] Hernandez contends that ONI would not provide copies of pay records for his review. However, a motion to compel would have produced the relevant records.

F.3d 906, 907–08 (8th Cir.2003)). When the alleged harasser is the plaintiff's fellow employee there is a fifth element: that the employer knew or should have known of the harassment and failed to take proper action. See *Palesch v. Mo. Comm'n on Human Rights,* 233 F.3d 560, 566 (8th Cir.2000). This element does not apply to allegations of supervisory harassment. *Id.* at n. 5.

*Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012).

Hernandez contends that blind workers were called "monkeys" and "expletive deleted idiots". Filing No. 34 at 5. Again, it is certain that Hernandez suffers from a disability. Hernandez has failed to put forth any evidence of such harassment. There is no evidence that this harassment occurred because of Hernandez' disability. There is no evidence that the alleged harassment was severe enough to affect the terms, conditions or privileges of Hernandez' employment. Further, as alleged by ONI, there is no evidence that Hernandez reported any harassment to management. Based on the lack of any evidence to support plaintiff's claim, the court grants summary judgment for ONI with respect to the harassment claim, as plaintiff has failed to make a prima face showing of disability discrimination.

### C. Failure to promote

Hernandez claims that he received an adverse employment action when ONI failed to promote him because of his disability. "An adverse employment action is a material employment disadvantage, such as a change in salary, benefits or responsibilities [including] failing to promote." *Ledbetter v. Alltel Corporate Services, Inc.,* 437 F.3d 717, 724 (8th Cir. 2006). Hernandez alleges that the blind employees were treated less favorably than sighted employees. He primarily argues that the sighted employees were given preference in terms of promotions and supervisor positions. Hernandez alleges that there was favoritism toward the sighted and the

10

sighted were allowed to do more on the floor than [the blind] were allowed to get away with. Hernandez alleges that he repeatedly asked his supervisor if he could apply for a shift lead position, and the supervisor responded that he would "get back to him" and never did. Hernandez alleges, and ONI does not disagree, that he was qualified, with reasonable accommodation, to perform the essential job functions of the shift lead position.

ONI's argument for why Hernandez was not promoted is simple: Hernandez never applied. ONI further provides that 9 or 10 of its approximately 15 managerial positions are filled by blind or visually impaired employees. Filing No. 30-3, 17:6-24, Page ID #166, Stueckrath Dep. "To plead a prima facie case of employment discrimination for an employer's failure to promote an employee, typically that employee must show that [he] applied for the promotion and was rejected. However, in cases where the very discrimination alleged would have made it futile for the plaintiff to apply for the position in question, the plaintiff's failure to apply may be excused if [he] can show that in the absence of such discrimination [he] would have applied." *Culpepper v. Vilsack*, 664 F.3d 252, 256-57 (8th Cir. 2011) (citations omitted). Although Hernandez alleges that Rose never "got back to him" about the application, Hernandez never requested an application from any other supervisor or manager. Hernandez fails to show that he was prevented from applying because he was blind or that he was prevented from applying directly to management. Additionally, Hernandez was later invited to apply for a shift lead position and declined to apply. Therefore, the court grants summary judgment for the defendant with respect to the claim of adverse employment action by failure to promote.

### *D. Demotion—716 Rewinder*

Hernandez contends that he was demoted from his position as a 716 rewinder. The evidence presented by the parties shows that plaintiff requested training on the 716 rewinder. ONI thereafter trained Hernandez. According to ONI, it took longer to train plaintiff than anticipated. A meeting occurred regarding this issue, and management decided to continue with the training. Hernandez admitted during his deposition that he was removed from training on the 716 rewinder, as he had problems, such as feeding too much paper into the machine. Filing No. 30-5, Hernandez Dep., 30:19-31:14. ONI spent three months training Hernandez. According to ONI, Hernandez continued to make mistakes on the rewinder, even with the additional training. Hernandez admitted during his deposition that at least two employees who were visually impaired worked the 716 rewinder. *Id.*, Hernandez Dep., 28:3-12. It should be noted, also, that when Hernandez was removed from the 716 rewinder, his pay was not decreased by ONI when he returned to his job as a packer/stacker.

With regard to the alleged demotion, the court again finds that Hernandez is disabled. The court finds that Hernandez fails to meet his burden of showing discrimination based on disability that led to a demotion. "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006) quoting *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75 at 81 (1998). It is clear that training occurred with regard to the 716 rewinder. The evidence shows that Hernandez had difficulty operating the machine.

12

ONI gave him additional training. Hernandez did not improve. ONI then transferred him back to his former job. Hernandez received no adverse action as a result of the transfer, and in fact, he was permitted to keep his wage increase if he chose to do so. Hernandez has failed to establish a prima facie case of disability discrimination. Further, ONI has articulated a nondiscriminatory reason for its actions. Hernandez has failed to rebut these nondiscriminatory reasons and show a pretext for discrimination. The court finds that this particular change in working environment is not an adverse employment action. Minor changes in working conditions are not adverse employment actions. See *Sallis v. Univ. of Minn.,* 408 F.3d 470, 476 (8th Cir. 2005); *Saulsberry v. St. Mary's Univ. of Minn.,* 318 F.3d 862, 868 (8th Cir. 2003).

Hernandez also argues that ONI could have made reasonable accommodations to the 716 rewinder. Hernandez argues that ONI should have made reasonable accommodations to make him more successful on the 716 rewinder, such as larger printed instructions. ONI then submitted evidence that such accommodations were not reasonable. Apparently the 716 rewinder is old and the accommodations would cost more than the machine.[3] Filing No. 30-3, Stueckrath Dep., 81:14-21.

Plaintiff must "make a facial showing that reasonable accommodation is possible and that the accommodation will allow [him] to perform the essential functions of the job." *Burchett v. Target Corp.,* 340 F.3d 510, 517 (8th Cir. 2003). Hernandez alleges that ONI failed to make accommodations to make some machinery accessible to the blind and failed to properly train him on the 716 rewinder. It is clear from the evidence

---

[3] Many of the machines operated by the employees have accommodations such as magnified operating panels and text-to-speech capabilities. ONI admits it cannot make some of the machines accessible because of mechanical difficulties and expense.

13

that ONI has made accommodations to other machines. The testimony offered by ONI management is that this particular machine is too old to cost effectively change to accommodate the requests of Hernandez. Hernandez offers no evidence to rebut this contention. The court finds Hernandez has failed to meet his burden in this regard, and ONI has in fact met its burden. Accordingly, the court will grant summary judgment with regard to the issue of demotion.

*IV. Retaliation based on being a whistleblower*

The Occupational Safety and Health Act of 1970 provides that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter." 29 U.S.C. § 660(1).

"In considering retaliation cases, this Court has adopted a three-pronged framework for analysis. First, the plaintiff must make a prima facie case by showing participation in a protected activity, a subsequent adverse action by the employer, and some evidence of a causal connection between the protected activity . . . and the subsequent adverse action. Second, once the plaintiff has established a prima facie case, the burden shifts to the employer to articulate an appropriate non-discriminatory reason for its action. Finally, if the employer satisfies this burden, the plaintiff must then demonstrate that the proffered reason is pretextual." *Reich v. Hoy Shoe Co., Inc.*, 32 F.3d 361, 365 (8th Cir. 1994) (citations omitted).

Hernandez has established that he participated in a protected activity, the filing of an OSHA complaint. Hernandez, as discussed herein previously, has not established any adverse action as a result of his OSHA claim or any other claim in this lawsuit. Hernandez was not fired. He was not demoted. His wages were not decreased. His transfer to his previous job from the 716 rewinder had nothing to do with his OSHA filing. Any harassment he may have undergone was not reported to management. With regard to this claim, the court notes there is no evidence that ONI knew of the OHSA complaint until at least sometime after Hernandez filed his charge of discrimination against ONI. Further, there is no evidence that any retaliatory actions occurred. Further, there were no adverse actions taken against Hernandez. Accordingly, the court finds that Hernandez failed to meet his burden with respect to both elements two and three.

For the reasons set forth herein, the court finds that the motion for summary judgment, Filing No. 29, should be granted.

THEREFORE, IT IS ORDERED:

1. ONI's motion for summary judgment, Filing No. 29, is granted.

2. A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 2nd day of October, 2012.

BY THE COURT:

s/ Joseph F. Bataillon  
United States District Judge